IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIC SARKAR,<br><br>　　　　Plaintiff,<br>　　vs.<br><br>MALIK JI INDIA INTERNATIONAL BAR & RESTAURANT INC., a Pennsylvania corporation, dba Karma Restaurant and Bar, *et al*.,<br><br>　　　　Defendant.　　　　　　　　　／ | No. C 06-2746 MEJ<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>**ORDER CLOSING FILE** |

## I. INTRODUCTION

Before the Court is defendant Karma Hospitality Incorporated dba Karma Restaurant and Bar (sued erroneously as "Malik Ji India International Bar & Restaurant dba Karma Restaurant and Bar") Motion to Dismiss, filed on July 27, 2006. After careful consideration of the parties' papers, oral arguments at the September 28, 2006 hearing, and relevant legal authority, the Court hereby GRANTS Defendant's motion for the reasons set forth below.

## II. BACKGROUND

The following factual background is taken from the parties' papers:

Defendant Karma Hospitality Incorporated ("Karma Restaurant") employed plaintiff Dominic Sarkar as its executive chef from November 2003 to March 2004. (Pl.'s Decl. at 1.) On or about September 1, 2003, Karma Restaurant advertised on its website that it employed Sarkar as the Restaurant's Executive Chef. (Compl. at 2-3.) Karma Restaurant continued to use Sarkar's name and advertise his reputation on the website after his employment ended. (Pl.'s Decl. at 2.)

On April 21, 2006, Plaintiff Sarkar filed this action, seeking monetary damages and injunctive relief against Karma Restaurant, alleging invasion of privacy for appropriation of his

name.

On July 27, 2006, Karma Restaurant filed a Motion to Dismiss, as well as the Declaration of Munich Narula in support thereof.

On August 31, 2006, Sarkar filed an Opposition to Karma Restaurant's Motion, as well as the Declaration of Dominic Sarkar in support thereof.

On September 28, 2006, the Court conducted a hearing. David Botler represented Sarkar. Candice Kwon represented Karma Restaurant.

## III. DISCUSSION

In its motion, Karma Restaurant argues that the Court lacks personal jurisdiction over it because it has insufficient contacts with California within the requirements of the Due Process clause of the U.S. Constitution. In response, Sarkar argues that Karma Restaurant is subject to personal jurisdiction in California because its actions harmed a California resident.

**A.     Legal Standard**

Under Federal Rule of Civil Procedure ("FRCP") 12(b)(2), a defendant may move to dismiss an action for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). The plaintiff bears the burden of demonstrating that jurisdiction exists. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (citation omitted). The plaintiff "need only demonstrate facts that if true would support jurisdiction over the defendant." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995) (citation omitted). There are two independent limitations on a court's power to exercise personal jurisdiction over a non-resident defendant: the applicable state personal jurisdiction rule and constitutional principles of due process. *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990) (citation omitted). California's long arm statute authorizes the exercise of personal jurisdiction to the outer limits of federal due process. Cal. Civ. Proc. Code § 410.10 (West 2004). Thus, the analysis focuses on whether exercising jurisdiction over a defendant would offend due process. *Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995) (citation omitted). There are two types of personal jurisdiction: general and specific jurisdiction. *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414 (1984).

2

General jurisdiction exists where the defendant's contacts with the forum state are so substantial or continuous and systematic that jurisdiction exists even if the cause of action is unrelated to those contacts. *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000) (citing *Helicopteros*, 466 U.S. at 415). The standard for establishing general jurisdiction is "fairly high," *Bancroft,* 223 F.3d at 1086 (citation omitted), meaning defendant's contacts must "approximate physical presence" in the forum State. *Schwarzenegger*, 374 F.3d at 801 (quoting *Bancroft*, 223 F.3d at 1086). Factors considered in evaluating the extent of contacts include whether the defendant makes sales, solicits or engages in business, designates an agent for service of process, holds a license, or is incorporated in the forum State. *Bancroft,* 223 F.3d at 1086 (citation omitted).

Specific jurisdiction exists where the cause of action arises out of or relates to the defendant's activities within the forum. *Data Disc, Inc. v. Systems Tech. Assocs., Inc.*, 557 F.2d 1280, 1287 (9th Cir. 1977). Specific jurisdiction is analyzed using a three-prong test:

> (1) the non-resident defendant must purposefully direct its activities or consummate some transaction with the forum or a resident thereof[,] or perform some act by which it purposefully avails itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must . . . be reasonable.

*Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-76 (1985)).

**B.     Application to the Case at Bar**

At the September 28, 2006 hearing, Sarkar conceded that general jurisdiction does not exist over Karma Restaurant. Accordingly, the Court need only determine whether specific jurisdiction exists.

   1.     <u>Purposeful Availment</u>

The first factor used to determine whether specific personal jurisdiction exists is whether the defendant purposefully availed itself of the benefits and protections of the laws of the forum state. The plaintiff bears the burden of meeting this test. *Haisten v. Grass Valley Medical Reimbursement*

3

*Fund, Ltd.*, 784 F.2d 1392, 1397 (9th Cir. 1986) (citations omitted). The purposeful availment requirement focuses on whether a "defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." *World Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). To satisfy this test, the defendant "must have (1) committed an intentional act, which was (2) expressly aimed at the forum state, and (3) caused harm, the brunt of which is suffered and which the defendant knows is likely to be suffered in the forum state." *Bancroft,* 223 F.3d at 1087 (citation omitted). Thus, a "plaintiff must show not only that the defendant caused harm, the brunt of which is suffered and which the defendant knows is likely to be suffered in the forum state, but also that the defendant committed an intentional act . . . expressly aimed at the forum state." *Id.*

Here, Sarkar argues that specific jurisdiction exists because Karma Restaurant used his name on its website, claiming that he was harmed by the use of his name without consent. Although the use of Sarkar's name on Karma Restaurant's website may have caused harm in California, harm alone to a California resident is insufficient. Sarkar must also prove that Karma Restaurant expressly aimed its acts at California.

The Ninth Circuit Court of Appeals has consistently held in similar cases that harm alone is insufficient for the purposeful availment prong. *See, e.g., Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 418 (9th Cir. 1997) ("simply registering someone else's trademark as a domain name and posting a web site on the Internet is not sufficient to subject a party domiciled in one state to jurisdiction in another . . . there must be something more to demonstrate that the defendant directed his activity toward the forum state"); *Panavision Intern., L.P. v. Toeppen*, 141 F.3d 1316, 1332 (9th Cir. 1998) (holding use of trademark name alone on a website was insufficient to establish specific personal jurisdiction, but sufficient when coupled with a scheme to extort money from a California resident); *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1156 (9th Cir. 2006) (the use of the "Pebble Beach" name alone in a website was not enough to establish personal jurisdiction over a foreign defendant). Similarly, the use of Sarkar's name on Karma Restaurant's website alone is insufficient to meet the purposeful availment requirement for personal jurisdiction. Other than the use of

Sarkar's name, there is no claim that Karma Restaurant had any activities expressly directed at California. Accordingly, the Court finds Karma Restaurant did not purposely avail itself of the benefits and protections of the laws of California.

### 2. Claim Arising Out of Forum-Related Activities

Assuming Sarkar meets the purposeful availment requirement, the second factor requires Sarkar's claim to arise out of Karma Restaurant's forum-related activities. In making this determination, courts ask whether a plaintiff would not have been injured "but for" the defendant's forum-related contacts. *Panavision*, 141 F.3d at 1322 (citations omitted). Applying this "but-for" test, the Court finds that Sarkar's appropriation claim would not have arisen but-for Karma Restaurant's website posting. Accordingly, the forum-related activities requirement is satisfied.

### 3. Reasonableness

Once the plaintiff has satisfied the first two factors, the defendant bears the burden of overcoming a presumption that jurisdiction is reasonable by presenting a compelling case that specific jurisdiction would be unreasonable. *Id.* (citing *Burger King*, 471 U.S. at 476-77). Courts consider seven factors in assessing whether the exercise of jurisdiction over a non-resident defendant is reasonable:

> (1) the extent of the defendant's purposeful interjection into the forum state's affairs, (2) the burden on the defendant, (3) conflicts of law between the forum state and the defendant's home jurisdiction, (4) the forum state's interest in adjudicating the dispute, (5) the most efficient judicial resolution of the dispute, (6) the plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum.

*Panavision,* 141 F.3d at 1323 (citing *Burger King*, 471 U.S. at 476-77). "No one factor is dispositive; a court must balance all seven." *Panavision,* 141 F.3d at 1323 (citation omitted).

#### a. Purposeful interjection

"'Even if there is sufficient 'interjection' into the state to satisfy the purposeful availment prong, the degree of interjection is a factor to be weighed in assessing the overall reasonableness of jurisdiction under the reasonableness prong.'" *Id.* (quoting *Core-Vent Corp. v. Nobel Industries AB,* 11 F.3d 1482, 1488 (9th Cir. 1993)). Here, Karma Restaurant has no contact with California other

5

than the alleged harm to Sarkar. Since this interjection did not satisfy the purposeful availment prong, the Court finds that this factor weighs in favor of Karma Restaurant.

    *b.*  *Burden on defendant*

  Although Karma Restaurant's burden of litigating in California is a factor in the assessment of reasonableness, unless the "'inconvenience is so great as to constitute a deprivation of due process, it will not overcome clear justifications for the exercise of jurisdiction.'" *Panavision,* 141 F.3d at 1323 (quoting *Caruth v. International Psychoanalytical Ass'n*, 59 F.3d 126, 128-29 (9th Cir. 1995)). "To require [a] corporation . . . to defend the suit away from its home or other jurisdiction where it carries on more substantial activities has been thought to lay too great and unreasonable a burden on the corporation to comport with due process." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945). "At the same time, progress in communications and transportation has made the defense of a suit in a foreign tribunal less burdensome." *Volkswagen*, 444 U.S. at 294. Here, Karma Restaurant argues that the burden of litigating in California is so great that it would be deprived of its due process rights because it conducts most of its activities in Pennsylvania. However, given that Karma Restaurant did not provide specific facts showing this burden, and that progress and transportation have made foreign tribunals less burdensome, the Court finds that this burden is not so great that it would be deprived of due process. Accordingly, this factor weighs in favor of Sarkar.

    *c.*  *Conflicts of law/Sovereignty*

  This factor concerns the extent to which the district court's exercise of jurisdiction in California would conflict with the sovereignty of the defendant's state of domicile. *Panavision,* 141 F.3d at 1323 (citation omitted). As neither party has raised such a conflict here, this factor is neutral.

    *d.*  *Forum State's interest*

  "'California maintains a strong interest in providing an effective means of redress for its residents tortiously injured.'" *Id.* (quoting *Gordy v. Daily News, L.P.*, 95 F.3d 829, 836 (9th Cir. 1996)). As Sarkar is a California resident that alleges harm in California, this factor weighs in his favor.

*e.     Most efficient judicial resolution*

This factor focuses on the location of the evidence and witnesses. *Panavision,* 141 F.3d at 1323 (citation omitted). However, it is no longer weighed heavily given the modern advances in communication and transportation. *Id.* While Sarkar is located in California, Karma Restaurant and its employees are located in Pennsylvania. Accordingly, this factor is neutral.

*f.     Convenient and effective relief for plaintiff*

In evaluating the convenience and effectiveness of relief for the plaintiff, courts have given little weight to the plaintiff's inconvenience. *Id.* at 1324 (citation omitted). Thus, while it may be somewhat more costly and inconvenient for Sarkar to litigate in another forum, this factor is given little weight.

*g.     Existence of an alternative forum*

In this case, Pennsylvania is an alternative forum because Karma Restaurant is located, advertises, and conducts its business in Pennsylvania. As stated above, it may be more costly and inconvenient for Sarkar to litigate in Pennsylvania, but California is not the only available forum. Accordingly, this factor weighs in Karma Restaurant's favor.

In balancing the reasonableness factors, neither party is clearly favored. However, given that Karma Restaurant did not interject itself into California so as to satisfy the purposeful availment prong, the Court finds that exercising jurisdiction over it would be unreasonable.

### IV.  CONCLUSION

Based on the foregoing analysis, the Court hereby GRANTS Defendant Karma Restaurant's Motion to Dismiss based on lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). The Clerk of Court shall close the file.

**IT IS SO ORDERED.**

Dated: November 6, 2006

MARIA-ELENA JAMES
United States Magistrate Judge